McMurray v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-281-CR

     SAMUEL EDWARD McMURRAY,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 85th District Court
Brazos County, Texas
Trial Court # 22,361-85
                                                                                                    

O P I N I O N
                                                                                                    

      After a bench trial, the court found Samuel McMurray guilty of two counts of delivery of a
controlled substance and assessed punishment of ten years' imprisonment, probated for ten years. 
See Tex. Health & Safety Code Ann. § 481.112(a) (Vernon Supp. 1995). McMurray brings
two points of error, claiming first that the court erred by denying his motion for an instructed
verdict at the close of the State's case in chief, and, second, that the evidence is insufficient to
support his conviction. McMurray argues that the evidence is insufficient to identify him as the
actor in the offenses. We will affirm the judgment.
      "[A] challenge to the trial judge's ruling on a motion for an instructed verdict is in actuality
a challenge to the sufficiency of the evidence to support the conviction." Cook v. State, 858
S.W.2d 467, 470 (Tex. Crim. App. 1993). If we conclude that the evidence is sufficient, we are
not required to determine if the evidence was insufficient at the time the State rested its case in
chief. See id. 
      In resolving the sufficiency-of-the-evidence issue, we view the evidence in the light most
favorable to the prosecution and determine whether any rational trier of fact could have found the
essential elements of the offense charged beyond a reasonable doubt. See Reeves v. State, 806
S.W.2d 540, 543 (Tex. Crim. App. 1990); Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim.
App. 1988). As the fact-finder, the court is the exclusive judge of the witnesses' credibility and
the weight given their testimony. See Mattias v. State, 731 S.W.2d 936, 940 (Tex. Crim. App.
1987), cert. denied, 488 U.S. 831, 109 S.Ct. 86, 102 L.Ed.2d 62 (1988). Reconciliation of
conflicts and contradictions in the evidence is the fact-finders' role. See Tex. Code Crim. Proc.
Ann. art. 38.04 (Vernon 1979); Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). 
"[T]he evidence is not rendered insufficient simply because [McMurray] presented a different
version of the events." See Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).
      The State charged McMurray with two counts of delivery of a controlled substance. In count
one, the State accused him of delivering less than twenty-eight grams of cocaine to a narcotics
investigator, David Clark, by offering to sell cocaine to the officer. See Tex. Health & Safety
Code Ann. § 481.002(8) (Vernon 1992). In the second count, McMurray was alleged to have
delivered less than twenty-eight grams of cocaine to a second investigator, Cannon Perdue, by
actually transferring the cocaine to the officer. See id. In each instance, the State produced a
videotape of the transactions between the officers and the drug dealer. Each officer stated
categorically that McMurray was the individual who approached him and either offered to sell
cocaine, in Clark's case, or, actually sold cocaine, in Perdue's case, to the officers. The officers
also identified McMurray on the videotape as it was being played for the court. 
      McMurray claims that the court's comments indicate that the judge relied on the videotape
and not on the officer's identifications to find that he was the perpetrator of the offenses. 
However, we review the evidence, not the court's comments. See Mattias, 731 S.W.2d at 939-40. 
Thus, when the evidence as a whole is sufficient to support the court's judgment, we will not
evaluate the sufficiency of the evidence to support specific comments or findings of the court. See
id. 
      The officers' testimony, standing alone, is sufficient to support the court's finding that
McMurray was the perpetrator of the offenses alleged. See Reeves, 806 S.W.2d at 543; Moreno,
755 S.W.2d at 867. Thus, the evidence is sufficient to support his conviction. Points one and two
are overruled.
      The judgment is affirmed.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed April 5, 1995
Do not publish